UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRI SMITH     CIVIL ACTION

VERSUS     NO. 17-6620

JCC FULTON DEVELOPMENT, LLC     SECTION: M (2)
d/b/a HARRAH'S HOTEL, *et al.*

## **ORDER & REASONS**

This litigation involves a slip and fall accident. Plaintiff Sherri Smith ("Smith") filed this action in the Civil District Court, Parish of Orleans, State of Louisiana alleging that, on June 16, 2016, she was injured when she slipped and fell in water in her hotel room at Harrah's New Orleans Hotel.[1] Smith named as defendants: JCC Fulton Development, LLC; Harrah's New Orleans Management Company; Jazz Casino Company, LLC; and, Mergeco Harrah's New Orleans Management Company, LLC (collectively, "Defendants").[2] Defendants removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[3]

Thereafter, the Court ordered the parties to demonstrate that the amount in controversy was more than $75,000.00.[4] Defendants submitted a memorandum outlining the extent of Smith's injuries, which could potentially include nine herniated discs.[5] Smith submitted an MRI report which demonstrates multiple issues with her back.[6] After reviewing the parties' submissions, the Court was satisfied that there is potentially more than $75,000.00 in controversy.[7]

---

[1] R. Doc. 1-1 at 1-2.
[2] *Id.*
[3] R. Docs. 1 at 2.
[4] R. Doc. 5.
[5] R. Docs. 7 & 8.
[6] R. Doc. 8-1.
[7] R. Doc. 46.

On February 23, 2018, the Court granted Smith's unopposed motion for leave to file her First Supplemental and Amending Petition for Damages.[8] Smith's amended complaint adds Bernhard MMC, LLC ("Bernhard") as a defendant, alleging that Bernhard is "a Louisiana limited liability company, authorized to do, and doing business, in the Parish of Orleans, State of Louisiana."[9]

After the case was transferred to this Section, the Court determined that Bernhard's citizenship is not clear from the pleadings, and the existence of federal jurisdiction is in question, because the Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Smith's amended complaint contains no allegations regarding Bernhard's members or their citizenship.[10] Thus, the Court issued an order requiring the parties to submit a response sufficiently alleging the identity of all the members of Bernhard and the state of citizenship of each member as of the date of the filing of the amended complaint.[11]

Bernhard responded that its sole member is Bernhard Services, LLC which is "a Delaware Limited Liability Company."[12] Because Bernhard did not provide any information on the members of Bernhard Services, LLC, the Court ordered Bernhard to file a response sufficiently alleging the identity of the members of Bernhard Services, LLC, until the citizenship of Bernhard is properly traced to corporations or individuals.[13] Bernhard filed a second response in which it demonstrates that it is a citizen of Louisiana for the purposes of diversity subject-

---

[8] R. Docs. 21.
[9] R. Doc. 22 at 1.
[10] *Id.*
[11] R. Doc. 46.
[12] R. Doc. 48 at 1.
[13] R. Doc. 51.

matter jurisdiction.[14]  Because Smith and Bernhard are both Louisiana citizens, this Court lacks diversity subject-matter jurisdiction.

After the Court requested information regarding Bernhard's citizenship, the other defendants filed a motion to vacate the Court's order granting Smith's unopposed motion to file the amended complaint.[15]  They argue that the order should be vacated because the Court failed to consider the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), prior to allowing the addition of a potentially non-diverse party.[16]  Smith's motion for leave to file the amended complaint was unopposed, so it was not made apparent to the Court at the time that the weighing of the *Hensgens* factors was warranted.  Indeed, this Court had to twice order the parties to ascertain and allege Bernhard's citizenship for purposes of evaluating whether diversity subject-matter jurisdiction is lacking.  Therefore, the motion to vacate is DENIED.

Accordingly, IT IS ORDERED that this matter is remanded to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 5th day of November 2018.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 53.
[15] R. Doc. 50.
[16] R. Doc. 50-1 at 1-2.